IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANA L. MARTINEZ,                    §
PIPELINE LLC,                       §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §   CIVIL ACTION NO. H-11-0547
                                    §
KATY INDEPENDENT SCHOOL             §
DISTRICT,                           §
                                    §
        Defendant.                  §

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Ana L. Martinez, brings this action against defendant, Katy Independent School District, for employment discrimination. Pending before the court is Defendant Katy Independent School District's Motion to Dismiss (Partial) Under Rule 12(b)(6) (Docket Entry No. 4), and Plaintiff's Unopposed Motion for Leave to File Her First Amended Complaint (Docket Entry No. 8). For the reasons explained below, the plaintiff's motion for leave to amend will be granted and defendant's motion to dismiss will be declared moot.

Plaintiff filed her Original Complaint on February 14, 2011. In her Original Complaint, plaintiff alleged claims for (1) employment discrimination based on national origin and race in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII), and 42 U.S.C. § 1981, (2) retaliation in violation of Title VII and § 1981, and (3) assault and battery in violation of

state law.  The prayer for relief in plaintiff's Original Complaint seeks, _inter alia_, punitive damages.

Defendant filed the pending motion to dismiss on April 15, 2011.  Citing _Jett v. Dallas Independent School District_, 109 S.Ct. 2702 (1989), defendant argues that plaintiff's § 1981 claims are subject to dismissal because § 1981 does not provide an independent cause of action against local government entities.  Citing _Barr v. Bernhard_, 562 S.W.2d 844 (Tex. 1978), defendant argues that plaintiff's claim for assault and battery is barred by the doctrine of governmental immunity.  Citing _City of Newport v. Fact Concerts, Inc._, 101 S.Ct. 2748 (1981), defendant argues that punitive damages are not available against governmental entities.  Based on these authorities and others, defendant argues that "Plaintiff's claim under 42 U.S.C. § 1981 and her claim for assault and battery be dismissed, and that her claim for punitive damages, under any theory, be dismissed."[1]

On May 5, 2011, plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss (Partial) Under Rule 12(b)(6) and Plaintiff's Unopposed Motion for Leave to File Her First Amended Complaint (Docket Entry No. 8).  The proposed first amended complaint attached to plaintiff's motion for leave to amend omits the claims for assault and battery and punitive damages contained

---

[1]Defendant Katy Independent School District's Motion to Dismiss (Partial) Under Rule 12(b)(6), Docket Entry No. 4, p. 5.

in her Original Complaint, and restates the § 1981 claim asserted in her Original Complaint as a claim made pursuant to 42 U.S.C. § 1983.

On May 11, 2011, defendant filed Defendant Katy Independent School District's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Partial) Under Rule 12(b)(6) (Docket Entry No. 9). In its reply defendant acknowledges that

> The District moved for a partial dismissal of three claims:
>
> a.    Plaintiff's 42 U.S.C. § 1981 claim, on the grounds that an employee cannot bring a claim under § 1981 directly against the District.
>
> b.    Plaintiff's claim for assault and battery, on the grounds that the District is immune from such claims; and
>
> c.    Plaintiff's claim for punitive damages, on the grounds that Plaintiff is not legally entitled to punitive damages against the District under any of the theories pled.
>
> In her Response and the attached proposed First Amended Complaint, the Plaintiff drops the assault and battery claim, as well as her claim for punitive damages. The only claim left at issue is the claim under 42 U.S.C. § 1981.[2]

Defendant also acknowledges that plaintiff "is asserting the § 1981 claim pursuant to 42 U.S.C. § 1983,"[3] and that defendant "is not

_____

[2]Defendant, Katy Independent School District's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Partial) Under Rule 12(b)(6), Docket Entry No. 9, p. 1.

[3]Id. at 2.

opposed to this request from a purely pleading standpoint."[4] Defendant explains that it "is not moving to dismiss this claim under Fed. R. Civ. P. 12(b)(6) now, given that it is probably more appropriate for summary judgment under Rule 56."[5]

Rule 15(a) "requires a trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" Lyn-Lea Travel Corp. v. American Airlines, Inc., 283 F.3d 282, 286 (5th Cir.), cert. denied, 123 S.Ct. 659 (2002) (quoting Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc., 690 F.2d 1157, 1162 (5th Cir. 1982), cert. denied, 104 S.Ct. 69 (1983)). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981). Decisions concerning motions to amend are "entrusted to the sound discretion of the district court." Quintanilla v. Texas Television, Inc., 139 F.3d 494, 499 (5th Cir. 1998). In deciding whether to grant leave to amend, the district court may consider the variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed,

---

[4] Id.

[5] Id. at 3.

undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.  <u>Dussouy</u>, 660 F.2d at 598 (citing <u>Foman v. Davis</u>, 83 S.Ct. 227, 230 (1962)).

Since the defendant acknowledges (1) that plaintiff's proposed first amended complaint does not contain claims for assault and battery and/or punitive damages that the defendant's motion to dismiss seeks to have dismissed from plaintiff's Original Complaint, (2) that defendant does not oppose plaintiff's motion for leave to amend her § 1981 claim, and (3) that defendant is not moving to dismiss plaintiff's amended § 1981 claim, Plaintiff's Unopposed Motion for Leave to File Her First Amended Complaint, Docket Entry No. 8, is **GRANTED**.  Defendant Katy Independent School District's Motion to Dismiss (Partial) Under Rule 12(b)(6), Docket Entry No. 4, is **MOOT**.

**SIGNED** at Houston, Texas, this 24th day of May, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE